# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT EISENBERRY, : | |
|     Plaintiff : | |
|     v. : | CIVIL ACTION NO. 3:08-1337 |
| SHAW BROTHERS, L.L.C.; SHAW : | (MANNION, M.J.) |
| BROTHERS DONKEY BALL, | |
| L.L.C., TIMOTHY E. SHAW and : | |
| KIM M. SKERPON, | |
|      : | |
|     Defendants | |
|      : | |

## MEMORANDUM AND ORDER[1]

Pending before the court is defendant Skerpon's renewed motion for judgment as a matter of law filed pursuant to Fed.R.Civ.P. 50(b). (Doc. No. 72).

By way of relevant procedural background, on July 15, 2008, the plaintiff filed the instant personal injury action based upon diversity jurisdiction naming as defendants Shaw Brothers Donkey Ball, L.L.C.; Timothy E. Shaw d/b/a Shaw Brothers Donkey Ball Co.; and William Skerpon. (Doc. No. 1). An amended complaint was filed on September 17, 2008, substituting Kim Skerpon for William Skerpon as a defendant. (Doc. No. 4).Answers to the amended complaint and cross-claims were filed by defendant Skerpon and

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

the Shaw defendants on October 14, 2008, (Doc. No. 8), and November 17, 2008, (Doc. No. 9), respectively.

Separate motions for summary judgment were filed on behalf of the Shaw defendants and defendant Skerpon, both of which were denied by order dated January 15, 2010. (Doc. No. 46). As a result, on February 8, 2010, the matter proceeded to a jury trial on the issue of liability only. At the close of the plaintiff's case, the defendants made motions for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a), which were denied. A jury ultimately found in favor of the plaintiff, finding the Shaw defendants 40% negligent, defendant Skerpon 30% negligent, and the plaintiff 30% negligent. Judgment was entered accordingly on February 10, 2010.

On March 22, 2010, defendant Skerpon filed the instant renewed motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b). (Doc. No. 72). A brief in support of the motion was filed on the same day. (Doc. No. 74). The plaintiff filed a brief in opposition to defendant Skerpon's motion on April 6, 2010. (Doc. No. 76).

Rule 50(b) of the Federal Rules of Civil Procedure provides that a party may file a renewed motion for judgment as a matter of law following the completion of a jury trial. In considering such a motion, the court may: (1) allow judgment on the verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law. Fed.R.Civ.P. 50(b).

Judgment as a matter of law is rendered pursuant to Rule 50 when "a

2

party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149 (2000)(citing Fed.R.Civ.P. 50(a)). The court is to review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. Id. at 150. However, when reviewing the record, the court may not make credibility determinations or weigh the evidence. Id. Judgment may be directed when the facts are sufficiently clear such that the law requires a particular result. Weisgram v. Marley Co., 528 U.S. 440, 448 (2000).

The standard for reviewing the grant or denial of pre-verdict and post-verdict motions for judgment as a matter of law is identical. As such, in ruling on a post-trial motion, the court should not base its conclusions, in whole or in part, on the jury's determinations or attempt to apply or refute particular findings of the jury. See Chaney v. City of Orlando, 483 F.3d 1221, 1228 (11th Cir. 2007)(jury findings are not germane to legal analysis of renewed motion for judgment as a matter of law))(citations omitted).

In the instant motion, defendant Skerpon argues that, while the plaintiff proceeded on a theory that defendant Skerpon was required to inspect the premises at issue, the plaintiff introduced no evidence to support this theory and failed to present any evidence which would indicate that she was obligated to inspect, care for or maintain the premises. Defendant Skerpon argues that she is entitled to judgment as a matter of law because she is an

3

out of possession landlord who retained no control over the premises where the incident occurred and that she was not obligated to maintain or repair the premises.

The court previously set forth the law with respect to out of possession landlords:

> Under Pennsylvania law, landlords out of possession generally are not liable for injuries suffered by third parties on the leased property. Dinio v. Goshorn, 270 A.2d 303 (Pa. 1969); Dorsey v. Continental Assoc., 591 A.2d 716, 718 (Pa.Super. 1991), appeal denied, 612 A.2d 985 (Pa. 1992). However, there are a number of exceptions to this general rule. Pennsylvania courts have enunciated the following exceptions to the general rule of nonliability applicable to out of possession landlords:
> 
> A landlord out of possession may incur liability: (1) if he has reserved control over a defective portion of the demised premises, (citations omitted), (2) if the demised premises are so dangerously constructed that the premises are a nuisance per se, (citations omitted), (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee, (citations omitted), (4) if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee, (citations omitted), (5) if the lessor undertakes to repair the demised premises and negligently makes the repairs, (citations omitted), or (6) if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises, (citations omitted). Dorsey v. Continental, 591 A.2d at 718-19 (1991), Henze v. Texaco, Inc., 352 Pa.Super 538, 508 A.2d 1200, 1202 (1986).

(Doc. No. 46, pp. 13-14).

In the instant case, the court found that exceptions 1 and 6 were relevant. Although defendant Skerpon argues that no evidence was

4

introduced that she reserved any control over any portion of the barn, as noted by the court in ruling on defendant Skerpon's initial Rule 50 motion, there was testimony presented at the trial by defendant Shaw which indicated that there was a written lease in effect which provided that defendant Skerpon would be responsible for major repairs, including replacement or repair of the floor of the barn. (See Attached Transcript, pp. 76-81). Defendant Shaw indicated that he would be responsible for more minor repairs such as the replacement or repair of individual boards in the floor. (Id.). Moreover, in reviewing the testimony, defendant Skerpon herself testified that, pursuant to the provisions of the written lease, she maintained the right to inspect the premises, a right which she admittedly never exercised. (Id. at pp. 61-63). In light of the testimony presented that defendant Skerpon maintained some control over the premises pursuant to the written lease which was in effect, it was proper to present the issue of whether defendant Skerpon was an out of possession landlord to the jury. Therefore, defendant Skerpon's renewed motion for judgment as a matter of law will be denied with respect to this claim.

Further, although defendant Skerpon argues that there was no evidence presented of any notice of a dangerous condition at the barn, the court previously noted that photographic evidence presented on direct examination exhibited both structural defects as well as defects in individual floor boards. The court noted that, pursuant to the photographic evidence, one driving by

5

the barn, without even having to go inside, would be placed on notice concerning the condition of the barn. As such, defendant Skerpon's renewed motion for judgment as a matter of law will be denied on this basis as well.

In addition to the above, defendant Skerpon argues that the plaintiff's failure to identify the cause of his fall is fatal to his claim. Defendant Skerpon argues that there was no evidence presented with respect to the cause of the plaintiff's fall and that the plaintiff could only testify as to the approximate area he was standing prior to the fall. Defendant Skerpon argues that it was improper for the court to permit the jury to speculate that the cause of the fall was due to some particular negligence on the part of defendant Skerpon.

In previously addressing this claim which was raised by the defendants in their motions for summary judgment, the court stated:

> To prevail on his claim of negligence, the plaintiff must establish by a preponderance of the evidence four elements under Pennsylvanian law: (1) the defendants owed him a duty; (2) the defendants breached that duty; (3) there is a causal connection between the breach and the resulting injury; and, (4) the plaintiff suffered an injury. Estate of Zimmerman v. Southeastern Pennsylvania Transp. Auth., 168 F.3d 680, 684 (3d Cir. 1999) (citing Estate of Swift v. Northeastern Hosp. of Philadelphia, 690 A.2d 719, 722 (Pa. Super. 1997))[2]. The only issue in the case at hand relates to the element of causation.
> Even if the plaintiff can show that the defendants negligently breached a duty owed to him and that he was injured, he must still show a link between the breach and the injury. In other words,

---

[2]The parties agree that a choice of law analysis is unnecessary in light of the similarity of the substantive law of Pennsylvania and New York. Moreover, all parties rely upon Pennsylvania substantive law in support of their respective positions.

he must show that the breach proximately caused the injury. Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978); see id. ("[T]he mere occurrence of an injury does not prove negligence and . . . an admittedly negligent act does not necessarily entail liability."). "Proximate cause is a term of art denoting the point at which legal responsibility attaches for the harm to another arising out of some act of the defendant." Id. To establish the point of attachment, the plaintiff must show that the breach of duty was a "substantial factor" leading to the injury. Id. The breach need not be the exclusive cause of the injury, but merely a substantial cause regardless of whether other factors contributed to the injury. Id. at 1284-85. But the plaintiff cannot establish proximate cause if he would have suffered the injury "even in the absence" of the defendant's breach. Id. at 1284.

The plaintiff may prove causation by direct or circumstantial evidence. Id. at 1285; Smith v. Bell Tel. Co. of Pennsylvania, 153 A.2d 477, 479 (Pa. 1959). While proximate cause cannot be established by conjecture or speculation, it can be established by circumstantial evidence, which allows a jury to "reason[] from it, without resort to prejudice or guess," to "reach the conclusion sought by plaintiff." Smith, 153 A.2d at 479. In examining the circumstantial evidence, the jury may make all permissible inferences "based upon all the evidence and the jurors' own knowledge and experiences." Id. The jury's conclusion need not "be the *only* one which logically can be reached." Id. at 479-80 (emphasis in original). As the Pennsylvania Supreme Court has held in explaining the use of circumstantial evidence,

> It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. The judge cannot say as a matter of law which are facts and which are not unless they are admitted or the evidence is inherently incredible. Also, it is beyond the power of the court to say whether two or more reasonable inferences are 'equal' . . . . The right of a litigant to have the jury pass upon the facts is not to be foreclosed just because the judge believes that a reasonable man might properly find either way.

Id. at 480; see id. ("[W]hen a party who has the burden of proof

7

relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith."). Because the determination of proximate cause often depends on the resolution of factual questions and inference, the issue of whether the defendant's breach proximately caused the plaintiff's injury is usually a question of fact for the jury, unless there is no genuine issue of material fact. Hamil, 392 A.2d at 1284-85; Smith, 153 A.2d at 479-80.

In the instant case, the court finds that a genuine issue of material fact exists as to whether the defendants proximately caused the plaintiff's injury. The plaintiff relies upon circumstantial evidence. He cannot definitively state that he fell through floor boards which were rotted in the loft; rather, he can only state that the loft was in disrepair and that he fell, which he believes occurred because of the disrepair. To this extent, the plaintiff testified that he had gone up into the loft to help stack straw. (Doc. No. 14, Ex. A, pp. 37-38, 39). He testified that he was waiting for defendant Shaw to start the hay and straw up the elevator and that he had "just happened to turn around a little bit and I was gone." (Id. at p. 45). When questioned about the cause of his fall, the plaintiff testified that "[t]he floor was so rotten in that area, I was gone before I realized it." (Id. at p. 48). When asked if he had fallen through the floor, the plaintiff responded "Just about." (Id.). When questioned further, the plaintiff testified that he could feel "give" in the boards of the loft and tried to stay off of those boards that had give. (Id.). He testified, however, that he apparently was not able to stay off of the "right ones" when he fell. (Id. at pp. 48-49). The plaintiff testified that the wooden boards of the floor of the loft were not fixed despite his expressed concerns to defendant Timothy Shaw by both himself and Shaw's brothers, and that the dangerous areas were concealed by hay such that it was not readily apparent. (Id. at pp. 51, 56). In support of his testimony, the plaintiff has submitted photographs of the barn in question which reflects obvious areas of disrepair[3]. (Doc. No. 32).

---

[3]The defendants challenge the plaintiff's use of the photographs arguing that the photographs are of the barn, in general, and not of the specific area
(continued...)

> Reasonable minds could properly infer that, under the conditions of the barn as described by the plaintiff and shown in the photographs, he fell because of the disrepair of the loft. Cf. Smith, 153 A.2d at 480-81 (finding that jury could properly infer proximate causation where plaintiff showed injury of sewage leaking into his basement and breach of negligently installed telephone pole that crushed sewage line). Accordingly, the court finds that the Shaw defendants are not entitled to summary judgment on the element of proximate cause.

(Doc. No. 46, pp.7-11).

In considering the issue, the court stands by its previous ruling that there was sufficient evidence to present the issue of proximate cause to the jury. Therefore, defendant Skerpon's renewed motion for judgment as a matter of law will be denied on this basis as well.

In light of the above, **IT IS HEREBY ORDERED THAT:**

defendant Skerpon's renewed motion for judgment as a matter of law, **(Doc. No. 72)**, is **DENIED** in its entirety.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** August 11, 2010

O:\shared\MEMORANDA\2008 MEMORANDA\08-1337-02.wpd

---

[3](...continued)
where the plaintiff fell. Whether the photographs in question depict the condition of the relevant area is an issue of fact to be resolved at trial.